FILED

2012 Aug-24  PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE MAHAN, | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 2:11-CV-01623-LSC |
| | ] | |
| MICHAEL J. ASTRUE, | ] | |
| Commissioner of Social Security, | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.    Introduction

The Plaintiff, Michael W. Mahan, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Plaintiff timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Plaintiff was fifty years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a high school education. (Tr. at 17, 60.) His past work experience includes employment as warehouse manager. *Id.* at 75. Plaintiff claims that

he became disabled on February 10, 2008, due to back pain, hypertension, and diabetes. *Id.*; (Tr. at 95, 122-27, 128-36, 143-48, 151.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a

determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. § 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.   20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).   If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.  20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v).  If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Plaintiff meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision.  (Tr. at 17.)  He further determined that Plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability. *Id.* at 22. According to the ALJ, Plaintiff's degenerative disc disease of the lumbar spine with radiculopathy, herniated disc at L4-5, type II diabetes mellitus, and hypertension are considered "severe" based on the requirements set forth in the regulations. *Id.* at 23.  However, he found that these impairments neither meet nor  equal any of the

listed impairments in Appendix 1, Subpart P, Regulations No. 4. *Id.* The ALJ did not find Plaintiff's allegations to be fully credible, and he determined that Plaintiff retains the RFC " to perform light work activities which allow for no bending, stooping, climbing, no push or pull using his upper or lower extremities and no leg or foot controls bilaterally. He should not drive and should be allowed to sit or stand at his option." *Id.*

According to the ALJ, Plaintiff is unable to perform any of his past relevant work, and is " closely approaching advanced age," as those terms are defined by the regulations. *Id.* He determined that Plaintiff has " no transferable skills." *Id.* Even though Plaintiff cannot perform the full range of light work, the ALJ used the testimony of a Vocational Expert (" VE") in finding that there are a significant number of jobs in the national economy that he is capable of performing, including general clerk, receptionist, cashier and assembler. *Id.* at 22, 76-77. The ALJ concluded his findings by stating that Plaintiff " was not under a ' disability,' as defined in the Social Security Act, at any time through the date of this decision." *Id.* at 24.

II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the

Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion

Plaintiff argues that the Commissioner's decision to deny disability benefits should be reversed and remanded because the ALJ's RFC findings are not based on substantial evidence, (Doc. 7 at 6.), and there is new evidence that the ALJ did not consider, *Id.* at 10. Specifically, he argues that the ALJ failed to consider his candidacy for surgery, *Id.* at 7-8, gave improper weight to the opinion of Dr. Khail E. Awad, *Id.* at 8-9, the evidence the ALJ relied upon contained mistakes or misleading statements, *Id.* at 6-8, and additional treatment records from Dr. Awad require the case to be remanded, *Id.* at 10.

A.    Plaintiff's Subjective Complaints of Pain

Plaintiff alleges that the ALJ's decision should be reversed and remanded because he believes that the record evidence supports his allegations of pain. Specifically, he contends that the ALJ failed to mention his candidacy for surgery, its type, or the fact that Plaintiff was scheduled to have the surgery on March 14, 2008. (Doc. 7 at 7-8.)

i.    Substantial Evidence to Support ALJ's Determination of Plaintiff's Credibility

A claimant's subjective testimony of pain and other symptoms will support a finding of  disability if it is supported by medical evidence that satisfies the pain

standard and is not discredited by the ALJ.  *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).  To satisfy the pain standard, a claimant must show "evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that it can reasonably be expected to give rise to the alleged pain."  *Id.* at 1560; *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

Once the pain standard is satisfied, the ALJ must consider a claimant's subjective testimony of pain and other symptoms. *Foote*, 67 F.3d at 1560; *see also Minter v. Astrue*, 722 F. Supp. 2d 1279, 1282 (N.D. Ala. 2010) (finding that "if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited."). If the ALJ discredits the claimant's subjective testimony of pain and other symptoms, he must articulate explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). "Although [the Eleventh Circuit] does not require an explicit finding as to credibility, . . . the

implication must be obvious to the reviewing court." *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). The ALJ is not required to cite "particular phrases or formulations" in his credibility determination, but it cannot be a broad rejection that is insufficient to enable this court to conclude that the ALJ considered the claimant's medical condition as a whole. *Id.*

In this case, the ALJ found that "the preponderance of the more credible evidence establishes that, as a result of his signs, symptoms, and laboratory findings, the claimant suffers from a medically determinable back impairment that can be expected to produce no more than mild to, at most, moderate pain." (Tr. at 21.) Furthermore, the ALJ found that "the objective medical evidence of record fails to establish significant underlying medical conditions capable of producing disabling pain and other disabling limitations as the claimant alleges." *Id.* In light of these findings, Plaintiff's subjective complaints of pain did not satisfy the Eleventh Circuit pain standard. The ALJ also determined that Plaintiff's complaints were not credible, noting that "[w]hile some lumbar spasms and restricted range of motion of the lumbar and cervical spines were observed, additional objective, clinical findings including no atrophy, negative Romberg, normal gait, intact muscle strength and a February 2008 MRI were unremarkable," and that "[i]n light of [this evidence], the claimant's assertions of disabling pain and limitations are not fully credible." *Id.* at 20-21. This

was not a broad rejection of Plaintiff's credibility; rather, the ALJ properly considered all the evidence, and articulated several reasons, supported by substantial evidence, for discrediting his testimony. This court will not substitute its judgment for that of the ALJ's when, as here, it is supported by substantial evidence. Therefore, Plaintiff's subjective complaints of pain were properly discredited under the Eleventh Circuit pain standard.

> ii.   Plaintiff's Candidacy for Surgery

Plaintiff contends that " [i]t would be difficult to rationalize that [his] candidacy for two level laminectomy was not indicated by something more than moderate pain." (Doc. 7 at 7.) Contrary to Plaintiff's contentions regarding subjective pain, *Id.* at 6-8, the ALJ was not under a duty to specifically mention his candidacy for surgery, the type of surgery, or the fact that he was supposed to have surgery on March 14, 2008, as " there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [this Court] to conclude that [the ALJ] considered her medical condition as a whole.' " *Dyer*, 395 F.3d at 1211 (quoting *Foote*, 67 F.3d at 1561). It is clear from the ALJ's decision that he was aware of Plaintiff's candidacy for surgery. In fact, he specifically mentions that Plaintiff " stated that . . . although he had been scheduled for back surgery in the past, he had not undergone surgery, nor had

he rescheduled." (Tr. at 17-18.) Even if it would be difficult to conclude that Plaintiff's candidacy for surgery was not indicative of severe pain, that conclusion is not this Court's to make. This Court will not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner's. By examining the record, this Court can conclude that the ALJ considered Plaintiff's medical condition as a whole; therefore, his failure to mention Plaintiff's candidacy for surgery does not merit a remand under the regulations.

B.      Substantial Evidence to Support ALJ's Determination of Plaintiff's Ability to Sustain Competitive Work

Plaintiff also argues that the ALJ's decision should be reversed and remanded because the determination that he could sustain competitive work was not based on substantial evidence. Specifically, he alleges that Dr. Awad's opinion was not accorded the proper weight and the other medical records relied upon contain various mistakes and misleading statements made by the ALJ. Plaintiff contends that the ALJ confused an MRI with an examination, (Doc. 7 at 6.), misconstrued Dr. Moyo's treatment records, *Id.* at 7, and omitted portions of Dr. Hakima's physical examination from May of 2008, *Id.* at 8.

i.      Weight of Dr. Awad's Opinion

Plaintiff argues that Dr. Awad's assessments of his condition do not support an ability for sustained competitive work pursuant to 20 C.F.R. § 404.1545(b), and that the ALJ did not accord the proper weight to Dr. Awad's opinon.

In making his determination regarding Plaintiff's residual functional capacity, the ALJ considered the 2008 treatment notes from Dr. Khail E. Awad at PEC Chiropractic Associates. (Tr. at 19, 21.) Dr. Awad treated Plaintiff for four years prior to the ALJ's decision. *Id.* at 286. On June 13, 2008, Dr. Awad completed a " Physical Capacities Evaluation" form wherein he opined that Plaintiff could lift or carry 20 pounds occasionally and 10 pounds frequently. *Id.* at 353. He further opined that Plaintiff could occasionally push and pull, climb, engage in gross and fine manipulation, bend, and reach. *Id.* He noted that Plaintiff could operate motor vehicles, work around hazardous machinery, and work around dust, allergens, and fumes. *Id.* He also opined that Plaintiff could stand and walk for only 4 hours out of an 8 hour day, sit for only 4 hours out of an 8 hour day, and never stoop. *Id.* In a contemporaneous " Clinical Assessment of Pain" form, Dr. Awad opined that Plaintiff's pain was present to such an extent as to be distracting to adequate performance of daily activities or work, physical activity greatly increased this pain to such a degree as to cause distraction from tasks or total abandonment of tasks, and

Plaintiff has an underlying medical condition consistent with the pain he was experiencing. *Id.* at 354-55.

Under the regulations, when assessing the medical evidence in a case, "the ALJ [is] required to state with particularity the weight he gave the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). However, not all sources are considered "acceptable medical sources," which are "sources who can provide evidence to establish an impairment." 20 C.F.R. § 404.1513(a). "Acceptable medical sources are (1) licensed physicians; (2) licensed or certified psychologists; (3) licensed optometrists . . .; (4) licensed podiatrists . . .; and (5) qualified speech-language pathologists." 20 C.F.R. § 404.1513(a)(1)-(5). A chiropractor is not considered an acceptable medical source that can be used to establish whether the claimant has a medically determinable impairment. 20 C.F.R. § 404.1513(a) However, a chiropractor is considered a source from which evidence may be used to show the severity of a claimant's impairments and how they affect his ability to work. 20 C.F.R. § 404.1513(d)(1).

A treating physician's testimony is entitled to "'substantial or considerable weight unless 'good cause' is shown to the contrary.'" *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). "A 'treating source' (i.e., a treating physician) is a

claimant's 'own physician, psychologist, or other *acceptable medical source* who provides [the claimant], or has provided [the claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant].'" *Nyberg v. Comm'r of Soc. Sec.*, 179 Fed. Appx. 589, 591 n.3 (11th Cir. 2006) (quoting 20 C.F.R. § 404.1502) (emphasis added).

In this case, because Dr. Awad was Plaintiff's chiropractor, the regulations consider his opinion as a source from which evidence may be used to show the severity of a claimant's impairments and how they affect his ability to work. Therefore, some consideration must be given to his opinion. However, since Dr. Awad was not Plaintiff's physician, psychologist, or other acceptable medical source, he is not considered a "treating physician" under the regulations, and his opinion is not entitled to substantial or considerable weight; therefore, the ALJ does not need to show "good cause" in order to assign Dr. Awad's opinion little weight.

The ALJ's decision clearly considered Dr. Awad's opinion, but did not accord it significant weight because, despite treating Plaintiff for several years, Dr. Awad did not opine that he was suffering from debilitating pain until he filled out the June 2008 pain forms. *Id.* at 20-21. The ALJ was not under a duty to demonstrate good cause in assigning little weight to Dr. Awad's opinion; he only needs to show that he

considered it. Therefore, the ALJ did not accord improper weight to Dr. Awad's opinion.

ii.    February 2008 MRI

Plaintiff contends that the ALJ limited his analysis of the evidence to an assertion that a February 2008 MRI was "unremarkable," but that the ALJ was confusing the MRI with a February 2008 examination which was described in the record as unremarkable. (Tr. at 184.) Plaintiff further contends that because the opinion for this examination was objectively superceded by his MRI and candidacy for surgery, it should not have been relied on in determining that he could perform other work. (Doc. 7 at 6.) Contrary to Plaintiff's contention, however, the ALJ's comment was directed to a series of objective, clinical findings that the ALJ was using to determine whether Plaintiff's assertions of disabling pain and limitations were credible. (Tr. at 20-21.) Furthermore, the ALJ notes that Plaintiff's February 2008 physical examination was unremarkable earlier in his decision. In light of this, it is unlikely that the ALJ was confusing the February 2008 MRI with the February 2008 examination. Therefore, the ALJ could rely on the MRI, as well as the other objective, clinical findings, in determining that Plaintiff was not disabled.

iii.    Dr. Moyo's Treatment Records

Plaintiff argues that the ALJ misconstrued Dr. Moyo's treatment records in determining that he could sustain competitive work. Specifically, Plaintiff contends

that the ALJ's comment that, "[i]nterestingly, Dr. Moyo did not report that the claimant's pain was severe," *Id.* at 18, is misleading because the comment was directed at Dr. Moyo's records for January 16, 2008, with the implication that if Plaintiff's pain was more severe, Dr. Moyo would have prescribed something stronger than Naproxen, (Doc. 7 at 7.); however, Dr. Moyo noted that Plaintiff was given prescriptions in the emergency room. (Tr. at 7.)

Over the course of several months, Dr. Edwin M. Moyo treated Plaintiff for hypertension, diabetes mellitus, and back pain arising from two bulging discs. (Tr. 196-284, 356-63.) On January 16, 2008, Dr. Moyo prescribed Naproxen, Tramodol, and Robaxin after Plaintiff complained of severe back pain. *Id.* at 361. On March 27, 2008, Dr. Moyo reported Plaintiff's diabetes to be unstable and noted that he obtained a blood sugar rating of 529. *Id.* at 360. On October 16, 2008, he noted uncontrolled hypertension, uncontrolled blood sugar, and low back pain. *Id.* at 357. On February 10, 2009, he noted Plaintiff's blood sugar was uncontrolled and he adjusted Plaintiff's medication. *Id.* at 356.

There is no indication from the ALJ's statements that he thought Dr. Moyo would have prescribed something stronger than Naproxen had Plaintiff's pain been more severe. Furthermore, the statement that Dr. Moyo did not report that Plaintiff's pain was severe is true. Simply noting that a patient went to the emergency room for

severe pain is not the same as actually reporting that a patient's pain is severe. Because the ALJ's statements about Dr. Moyo's opinion were true and not misleading, he could rely on them in determining that Plaintiff was not disabled.

### iv.   Dr. Hakima's Consultative Examination

Plaintiff argues that the ALJ omitted portions of Dr. Hakima's physical examination from May of 2008. (Doc. 7 at 8.) Specifically, he alleges that the ALJ omitted the word "very," (Tr. at 18), from Dr. Hakima's observation that it was "very difficult for [Plaintiff] to get on and off the exam table," *Id.* at 334, and he omitted the words "in the seated and supine positions," *Id.* at 19, from Dr. Hakima's reporting of a positive straight leg raise, *Id.* at 335.

In this case, the omissions made by the ALJ were not material to his decision. First, despite omitting the adverb "very," the ALJ still acknowledged the observation that it was difficult for Plaintiff to get on and off the exam table. In fact, this demonstrates that the ALJ considered Plaintiff's medical condition as a whole. Second, the phrase "in the seated and supine positions" is redundant because most straight leg raise tests are performed in either the seated and supine positions. Furthermore, the straight leg raise was positive, so the omission of the qualifier "in the seated and supine positions" would benefit Plaintiff if it was actually material to

the ALJ's decision. Because the ALJ's omissions were not material to his decision, he could rely on them in determining that Plaintiff was not disabled.

> v.   Other Substantial Evidence

Upon reaching the "fifth and final step of the evaluation process to determine whether in light of 'residual functional capacity,' age, education, and work experience the claimant can perform other work," *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002), "[t]he ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). Furthermore, "only an ability to do full-time work will permit the ALJ to render a decision of not disabled." *Kelly v. Apfel*, 185 F.3d 1211, 1214-15 (11th Cir. 1999) (citing Social Security Ruling 96-8p, which states that a claimant must have the "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis, which means "8 hours a day, for 5 days a week or an equivalent work schedule.").

In this case, the ALJ articulated specific jobs that Plaintiff is able to perform, and his finding is supported by substantial evidence. The ALJ evaluated the medical evidence of record and concluded that Plaintiff could perform light and sedentary work with additional limitations (Tr. at 20-22, 23.) He then posed a hypothetical

question to the Vocational Expert ("VE") assuming an individual with Plaintiff's relevant vocational characteristics with the ability to perform light and sedentary work with the following additional restrictions: no bending, stooping, or climbing; no pushing or pulling in upper or lower extremities; no leg or foot control or bilaterally; no driving; and he should be allowed to sit and/or stand at will. (Tr. at 76, 79-80.) In response to the ALJ's hypothetical, the VE testified that Plaintiff could perform light and sedentary jobs which exist in Alabama. *Id.* at 76-80. As examples of light jobs, the VE identified the jobs of general clerk, receptionist, and cashier, and she testified that there were approximately 5,500 such jobs in Alabama. *Id.* at 76-77. As examples of sedentary jobs, the VE identified the jobs of general clerk, receptionist, and assemblers, and she testified that there were approximately 6,000 such jobs in Alabama. *Id.* at 76-80. The ALJ included these findings in his decision. *Id.* at 22. Thus, the ALJ articulated specific jobs that Plaintiff is able to perform, and the VE testimony, along with the aforementioned medical reports, including the opinions of Dr. Moyo and Dr. Hakima, is substantial evidence upon which the ALJ could rely in making his determination that Plaintiff could perform other work.

C.    New Evidence

This case also involves additional evidence not before the ALJ, but introduced by Plaintiff to the Appeals Council. The new evidence documents Plaintiff's

Case 2:11-cv-01623-LSC   Document 9   Filed 08/24/12   Page 19 of 20

continued chiropractic treatment with Dr. Awad through February of 2009. (Tr. at 365-76.) The Appeals Council reviewed the new evidence, but determined that it did not provide a basis for changing the ALJ's decision. *Id.* at 1-5. In order to obtain a remand for consideration of newly discovered evidence, the claimant must show "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Therefore, remand is appropriate where "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

In this case, the additional evidence is new and noncumulative, and Plaintiff could not have submitted it at the administrative level because it did not exist at that time. However, the new evidence is not *material* for two reasons. First, the new evidence merely reflects treatment that is similar to Dr. Awad's records that were already considered by the ALJ. It is unlikely that the ALJ would change his result based on these similar treatment records. Second, the additional evidence does not controvert the ALJ's rationale behind assigning little weight to Dr. Awad's opinion. According to the ALJ, "it [was] highly significant that [Dr. Awad] never opined that

[Plaintiff] was suffering from disabling pain, until on a form in June of 2008." (Tr. at 21.)  It is unlikely that the ALJ would assign more weight to Dr. Awad's opinion in light of the fact that most of the additional treatment records occurred after Dr. Awad completed the pain forms, and nowhere in the additional records does he opine that Plaintiff suffers from disabling pain. *Id.* at 365-76. For these reasons, the new evidence does not provide a basis for changing the ALJ's decision.

IV.   Conclusion

Upon review of the administrative record, and considering all of Plaintiff's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law.  A separate order will be entered.

Done this 24th day of August 2012.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

171032